IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARLOS LOPEZ ) | |
| ) | Civil Action No. |
|   Plaintiff, ) | |
| v. ) | |
| ) | |
| TITLEMAX OF GEORGIA, INC. ) | JURY TRIAL DEMANDED |
| ) | |
|   Defendant. ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Carlos Lopez ("Plaintiff" or "Lopez"), through undersigned counsel, and files this lawsuit against Defendant TitleMax of Georgia, Inc. ("Defendant" or "TitleMax"), and for his Complaint shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally

mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA").

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a Georgia corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III.   Parties and Facts

5.

From May to December 5, 2013, Plaintiff was employed by Defendant as a "store manager" working in one of Defendant's stores in Norcross, Georgia. During this period, Defendant treated Plaintiff as non-exempt from the overtime requirements of the FLSA.

6.

From May to December 5, 2013, while employed by Defendant as a store manager, Plaintiff was paid on an hourly basis and entitled to overtime compensation for hours he worked in excess of (40) in given workweeks.

7.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

During the period of May to December 5, 2013, while employed by Defendant as a store manager, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for all hours worked over (40) in such weeks.

9.

At times during the period of May – December 2013, Plaintiff's supervisor, TitleMax General Manager Sam Awayame, entered Defendant's Kronos timekeeping system and changed Plaintiff's personally recorded work hours downward to avoid the payment of overtime compensation to Lopez for hours he worked in excess of (40) in workweeks.

10.

During the period of May – December 2013, Lopez' supervisor also required Plaintiff to work off the clock to avoid the payment of overtime compensation to Lopez for hours he worked in excess of (40) in workweeks.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

During the period of May – December 2013, Defendant suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

13.

During the period of May – December 2013, Defendant maintained a policy of requiring Plaintiff to work off the clock.

14.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

15.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

16.

From May – December 2013, Defendant failed to keep accurate time records for all hours worked by Plaintiff.

17.

Plaintiff is entitled to overtime pay for the hours he worked over (40) in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, <u>et seq</u>. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff has suffered lost wages.

## **Count I**

### **Violation of the Overtime Wage Requirement of the Fair Labor Standards Act**

18.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

19.

Defendant has violated the FLSA, 29 U.S.C. § 201, <u>et seq</u>. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

20.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

21.

Defendant suffered or permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation.

22.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

23.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

24.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

25.

Defendant's violations of the FLSA were willful and in bad faith.

26.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and

reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Grant Plaintiff leave to add additional state law claims if necessary; and

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

This 6th day of January, 2014.

        **BARRETT & FARAHANY, LLP**

        /s/ V. Severin Roberts
        Amanda A. Farahany
        Georgia Bar No. 646135
        Benjamin F. Barrett
        Georgia Bar No. 039586
        V. Severin Roberts
        Georgia Bar No. 940504
        Attorneys for Plaintiff Carlos Lopez

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile